**ALUMINUM COLORS, Inc., v. UNITED STATES RESEARCH CORPORATION et al.**

**E–6814.**

District Court, E. D. New York.

Dec. 9, 1936.

262

See, also, 5 F.Supp. 961.

Cooper, Kerr & Dunham, of New York City (C. B. Townsend, of New York City, of counsel), for plaintiff.

Norton & Simmons, of New York City, for defendants.

BYERS, District Judge.

There are before the court two matters in this cause:

(a) Proposed final decree submitted by the plaintiff at the call of the motion calendar on November 27, 1936, notice thereof having been duly given to the attorneys for the defendants, and

(b) Petition and notice of motion on behalf of the special master for an order determining and allowing his fees.

As to the latter, the sum of $2,500.00 is fixed and allowed as being proper.

The defendants did not appear on the motion made by the special master, although due notice was given, but the plaintiff appeared and stated that the said sum, which was suggested by the special master, is fair and reasonable.

Question is raised as to whether the payment of this fee should be exacted of the plaintiff, the successful party, and an appropriate provision to that effect incorporated in the final decree.

Equity Rule 68 (28 U.S.C.A. following section 723) provides that the compensation shall be fixed by the District Court in its discretion, having regard to all the circumstances, "and the compensation shall be charged upon and borne by such of the parties in the cause as the court shall direct."

The plaintiff urges that a provision in the interlocutory decree dated March 3, 1934, which says among other things: "* * * that the costs of the said accounting and fees of the said Special Master not being costs in the trial court within section 4922, Rev.Stats. [35 U.S.C.A. § 71] shall be paid by the defendants," stands in the way of a present provision that compensation shall be charged upon and borne by the plaintiff in the first instance.

At the time that the interlocutory decree was made, the court was not advised that the quoted language was intended to circumscribe its power or discretion as contemplated by rule 68. It was understood by the court that the quoted language was incorporated merely as a precaution to avoid controversy on the subject when the final decree should be presented for signature.

The special master, whose report is presently involved, superseded the one originally appointed and, in the order designating the former, it was provided that his compensation and the disposition of all fees paid to the first master by the respective parties, as well as stenographic charges, should abide the return and filing of the present master's report, and "should be thereafter determined and fixed by this Honorable Court under and in accord with the provisions of Equity Rule 68 of the United States Supreme Court."

The continuance of the power of the court and its discretion under rule 68 was therefore preserved, although it is not thought that the order was requisite to accomplish that purpose.

As a matter of discretion, the plaintiff will be directed to pay the master's fees, and a provision to that effect should be incorporated in the final decree, which will then enumerate the various items which the plaintiff is entitled to recover from the defendants, to include the sum of $2,500.00 hereby awarded to Frederick R. Crane as special master. This will require the rewriting of paragraph 5 as proposed in the said decree, and the same should be renoticed for settlement as amended.

Separately, if the plaintiff and defendants be so advised, they may make a motion, on notice to the former special master, for a refund to each of them of the sum of $375.00, out of the total amount of $1,-500.00 which they paid him upon his insist-

ence, so that he shall be permitted to retain the sum of $750.00 only.

The special master will submit an order, upon notice, fixing his fees as above stated and directing that the plaintiff pay the same, and the plaintiff will resettle the decree, when the special master's fees have been paid, as above indicated.